UNITED STATES DISTRICT COURT
District of Maryland

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, v. | Case No.  19-cv-03100-SAG |
| AGORA FINANCIAL, LLC, | |
| NEWMARKET HEALTH, LLC | |
| NEWMARKET HEALTH PUBLISHING, LLC | **PRELIMINARY INJUNCTION** |
| HEALTH SENSE MEDIA, LLC, | |
| HEALTH SENSE PUBLISHING, LLC | |
| DR. RICHARD GERHAUSER, individually, and | |
| ZACHARY SCHEIDT, individually, | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) (Docket No. 1), and has moved, pursuant to Fed. R. Civ. P. 65, for a preliminary injunction against Agora Financial, LLC, NewMarket Health, LLC, NewMarket Health Publishing, LLC, Health Sense Media, LLC, Health Sense Publishing, LLC, Dr. Richard Gerhauser, and Zachary Scheidt.

**FINDINGS OF FACT**

The Court, having considered the Complaint, Motion for a Preliminary Injunction, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

A.  This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.  In numerous instances, Agora Financial, LLC, NewMarket Health, LLC, NewMarket Health Publishing, LLC, Health Sense Media, LLC, Health Sense Publishing, LLC, and Dr. Richard Gerhauser marketed *The Doctor's Guide to Reversing Diabetes in 28 Days* ("*The Doctor's Guide*") by representing to consumers that:

> i. The protocol described in *The Doctor's Guide* does not require consumers to make changes to their diets;
>
> ii. The protocol described in *The Doctor's Guide* is scientifically proven to cure Type 2 Diabetes or its symptoms in 28 days.

C.  In numerous instances, Agora Financial, LLC and Zachary Scheidt marketed *Congress' Secret $1.17 Trillion Giveaway* or *Lifetime Income Report* ("*Congress' Secret*") by representing to consumers that:

> i. Consumers are entitled, by law or otherwise, to money from Congressional Checks or Republican Checks;
>
> ii. Consumers can collect money from Congressional Checks or Republican Checks just by adding their name to "the list of check payees;"

        iii. Congressional Checks or Republican Checks are affiliated or furnished by Congress or another government agency or program; and

        iv. Anyone can collect hundreds to thousands of dollars in Congressional Checks or Republican Checks.

D. In numerous instances, Agora Financial, LLC and Zachary Scheidt marketed *Congress' Secret* with representations that consumers can collect hundreds to thousands of dollars per month by following the instructions in their book, without disclosing that consumers must spend tens of thousands to hundreds of thousands of dollars in order to collect the promised amounts.

E. As demonstrated by detailed evidence, including consumer testimony, sales videos, transcripts of sales pitches, marketing emails, testimony from the Clerk of the United States House of Representatives, testimony from an Assistant General Counsel to the Office of the Clerk of the United States House of Representatives, and expert testimony, the representations detailed above are false or unsubstantiated. Therefore, there is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the FTC is likely prevail on the merits of this action.

F. There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, unless Defendants are restrained and enjoined by order of this Court.

G. Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a preliminary injunction is in the public interest.

H. This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Federal Rule of Civil Procedure 65.

    I.    No security is required of any agency of the United States for issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

    A.    **"Financial Defendants"** means Agora Financial, LLC and Zachary Scheidt.

    B.    "**Defendant(s)**" means Health Defendants and Financial Defendants individually, collectively, or in any combination.

    C.    **"Health Defendants"** means NewMarket Health, LLC, NewMarket Publishing, LLC, Agora Financial, LLC, Health Sense Media, LLC, Health Sense Publishing, LLC, and Dr. Richard Gerhauser.

## ORDER

### I. PROHIBITED REPRESENTATIONS REGARDING *THE DOCTOR'S GUIDE*

**IT IS ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the labeling, advertising, promotion, offering for sale, sale, or distribution of *The Doctor's Guide*, are preliminarily restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product, program, or protocol name, endorsement, depiction, or illustration, any representation that:

    A.    The protocol described in *The Doctor's Guide* is scientifically proven to cure or reverse Type 2 Diabetes within 28 days; or

    B.    The protocol described in *The Doctor's Guide* does not require consumers to restrict or make changes to their diet.

## II. PROHIBITED MISREPRESENTATIONS REGARDING *CONGRESS' SECRET*

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the labeling, advertising, promotion, offering for sale, or distribution of any product or service, are preliminarily restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, including through the use of a product or program name, endorsement, depiction, or illustration, that:

A. Consumers are entitled by law, or otherwise, to money from Congressional Checks or Republican Checks;

B. Consumers can collect money from Congressional Checks or Republican Checks just by adding their name to "the list of check payees;"

C. Congressional Checks or Republican Checks are affiliated or furnished by Congress or another government agency or program;

D. Anyone can collect hundreds to thousands of dollars in Congressional or Republican Checks.

## III. PROHIBITED FAILURE TO DISCLOSE

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the labeling, advertising, promotion, offering for sale, or distribution of any product or service, are preliminarily restrained and enjoined from making any representation about amounts consumers will receive by following the instructions in *Congress' Secret,* without disclosing clearly and

conspicuously, prior to receiving any payment from consumers, that consumers must invest money to receive dividends as returns.

## IV. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to 1) each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, attorney, subsidiary, division, and representative of any Defendant who has engaged in, is currently engaged in, or intends to engage in, the marketing of *The Doctor's Guide* or *Congress' Secret*, and 2) each customer who has purchased *The Doctor's Guide* or *Congress' Secret.*  Defendants shall, within thirty (30) days from the date of entry of this Order, provide Plaintiff with a sworn statement that this provision of the Order has been satisfied. Additionally, Defendants shall maintain a list detailing each entity or individual to whom they have sent a copy of this Order, pursuant to this section.  Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with them to disregard this Order, or believe that they are not bound by its provisions.

## V. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any person that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate, or office

of any entity shall effect service upon the entire entity.

## VI.  CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> OMOLARA BEWAJI JOSENEY
> DILLON JOSEPH LAPPE
> GREGORY MADDEN
> 600 Pennsylvania Avenue NW, CC-9528
> Washington DC 20580
> ojoseney@ftc.gov, gmadden@ftc.gov, dlappe@ftc.gov
> Phone: (202) 326-2599
> Fax: (202) 326-3197

SO ORDERED, this 2nd day of March, 2020

/s/
Stephanie A. Gallagher
United States District Judge